UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 12-2491-GW(MRWx) | Date | July 12, 2012 |
| Title | Sarah Chookey v. Sears Holding Corporation, et al. | | |

Present: The Honorable GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Katherine Stride | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

    D. Alan Harris
    David Zelenski

Attorneys Present for Defendants:

    Christian N. Brown

PROCEEDINGS:     DEFENDANT SEARS ROEBUCK AND CO.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(b)(6) (filed 05/25/12)

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's final ruling. Defendants' motion is **DENIED**.

         :    15

Initials of Preparer    JG

<u>**Chookey v. Sears, Roebuck & Co.**</u>, Case No. CV-12-2491
Tentative Ruling on Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(6)

    Defendant Sears, Roebuck and Co. ("Sears") moves to dismiss the first claim for relief in the First Amended Complaint ("FAC") plaintiff Sarah Chookey ("Plaintiff") filed April 20, 2012 – a claim for failure to properly pay overtime under California law.[1] The motion focuses upon the parties' dispute over how overtime is to be calculated, with Sears arguing that Plaintiff's proposed calculation[2] would amount to recovering 2.5 times the appropriate pay rate rather than 1.5 times. Although the issue is seemingly simple, the parties' presentation of their competing calculations are sufficiently confusing such that it is not entirely clear where they differ.

    California Labor Code section 510(a) requires overtime to be paid to employees "at the rate of no less than one and one-half times the regular rate of pay." Cal. Lab. Code § 510(a). The parties appear to agree with each other about how the "regular rate" is calculated as it concerns Plaintiff's pay. *See generally* Chin, Cathcart, et al., <u>California Practice Guide: Employment Litigation</u> (2009) § 11:960, at 11-120.2 (describing how "regular rate" calculated when employees are paid at least in part by way of commissions); *id.* § 11:963, at 11-120.3 (describing how "regular rate" calculated when employees are paid at more than one rate of pay).

    If Sears's demonstration of what it believes is incorrect about Plaintiff's proposed calculation can be summed up by way of reference to the equation it sets forth at page and line number 12:3 of its Reply brief – $(1.0 \times (1.0 + 0.5) = 2.5)$ – it appears as if its math is wrong. The correct answer to that equation is 1.5, not 2.5. If that is not the "sum" of all that is wrong with Sears's argument on this motion, it appears as if Sears might be concerned that Plaintiff attempts to obtain 1.5 times the "regular rate" *in addition to* the hourly rate(s)[3] and commissions she earns during her overtime hours when, in fact, she should be obtaining an hourly rate during her overtime hours of 1.5 times her "regular rate" *instead of* the hourly rate(s) she would otherwise earn during those overtime hours. The Court would agree that Plaintiff may only obtain 1.5

---

[1] In her Opposition, Plaintiff concedes that her unfair competition claim is entirely derivative of her overtime allegations.

[2] Plaintiff provides sample calculations at paragraphs 10-12 of the FAC.

[3] In addition to earning commissions, Plaintiff is paid at multiple hourly rates.

1

times her "regular rate" *in place of* her hourly rate(s)[4] during those hours, *not* in addition to that/those hourly rate(s). If that does not dispose of the parties' disagreement as reflected in this motion, the Court would ask the parties to explain their positions more clearly and succinctly.

Whether or not Sears's position is permissible under the Division of Labor Standards Enforcement ("DLSE") Enforcement Policies and Interpretation Manual, the DLSE is entitled to no deference under California law.[5] *See Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal.4th 554, 563 (2007); *Sumuel v. ADVO, Inc.*, 155 Cal.App.4th 1099, 1109 (2007); *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F.Supp.2d 609, 617 (N.D. Cal. 2007). Whether or not Sears's position is permissible under federal law, Plaintiff's overtime claim is brought under California law. Although federal law can inform an interpretation of California law in this regard, section 510(a)'s language is relatively clear. Any payment of overtime at anything less than 1.5 times Plaintiff's "regular rate" is impermissible under the plain terms of section 510(a) of California's Labor Code.

As the issue is understood at this stage, the Court would deny the motion.

---

[4] Sears also appears to complain that allowing 1.5 times Plaintiff's "regular rate" during her overtime hours will double-count any commissions earned during those overtime hours. Even if that is true, however, there is no *guarantee* that Plaintiff will earn *any* commissions during those overtime hours. She still is paid an hourly rate during those overtime hours (*i.e.*, she is not paid *only* based on commissions), and that payment cannot be at her "straight time" rate because it is overtime work. Moreover, Labor Code section 510(a) requires overtime pay at "no less than one and one-half times the regular rate of pay." Cal. Lab. Code § 510(a) (emphasis added).

[5] If, as the parties appear to agree, commissions are to be included in calculating an employee's "regular rate," it is somewhat unclear why there would be a *separate* overtime rate for 1) hours worked and 2) commissions earned during overtime hours, as the California Court of Appeal appears to believe to be the case (based upon the DLSE's view). *See Marin v. Costco Wholesale Corp.*, 169 Cal.App.4th 804, 813-14, 816 (2008). It may make some sense when the bonuses are not paid regularly, but instead at some defined period (every six months, as in *Marin*), but where the commissions are included in an employee's weekly pay, as here, the need for such a mechanism is presumably absent. Beyond that, it is not entirely clear that the bonus system at issue in *Marin* translates perfectly to a commission-based calculation as is at issue here. *See id.* at 817 & n.9.

2